ACTION on the case for words which were laid in the three counts of the narr. as follows: "Kennedy, you picked up the five-dollar bill, and I can swear to it." "I saw you pick it up, and I will swear to it." "You got that money, and I will swear to it." The evidence was, that the defendant called in the evening of the 8th day of June, 1877, at the store of Messrs. Murray, in Newark, and tendered a ten-dollar bank note in payment of a bill he owed them, but not being able to change it, he took it to another store near and had it changed into two five-dollar notes, and then returned; but, on taking it out of his pocket, he missed one of them, and, after looking around for it a half-hour up and down the street without finding it, he said to Mr. Joseph Murray, in the store, that Warren P. Kennedy picked up the note, and he would swear to it. He then went to the front-door of the store and said to the plaintiff, who was sitting on a seat alongside of it on the pavement, in the presence of other persons sitting or standing around (and several of whom, as well as the plaintiff, had been there from the time he left the store to get the money changed until he returned to it), "Warren Kennedy, you got that money, and I will swear to it." Kennedy replied to him that he was a liar, and told him he might search him; to which he answered, there would be no use in that, as he had had time enough to make away with it. It was also proved by another witness, that he said to him, "Warney, you got the money; you picked it up, I saw you do it; I saw you stoop and pick it up with your left hand, and will swear to it."
Spruance, for the defendant, on this evidence submitted a motion *Page 48 
for a non-suit, because the words had not been proved as laid in any count in the narr.; but, admitting that they had been, they were not proved to be malicious, and they were not necessarily malicious, even if they imported a charge of larceny, provided they were uttered by the defendant in good faith and in an honest belief that they were true. In that case, they would not be actionable as slanderous words.
The Court overruled the motion.
Vallandingham, for the plaintiff. The charge of an indictable offence is actionable per se without proof of actual damage, and when falsely made implies malice. 3 Har., 377.
Spruance, for the defendant. Slanderous words should be stated in the declaration as uttered. It will not do to prove equivalent expressions. In an action for words charging plaintiff with having stolen soap, where the declaration alleged that the words had been spoken of soap which the defendant said had been stolen out of his yard, and it appeared in evidence that he said the soap had been taken out of his yard, it was held a fatal variance. 2 Sand. PL, Ev., 921, 919, 553. The plea of not guilty put in issue the speaking of the words as laid, and also speaking them maliciously in the sense imputed, and denies that they were spoken on an unjustifiable occasion. 2 Sand., Pl. Ev., 930. Where the words are prima facie actionable, but there are circumstances attending the speaking of them which rebut the legal inference of malice, the evidence of such circumstances will be a good defence under the general issue. 2 Sand., Pl. Ev., 931; Fowlerv. Homer; 3 Campb., 294. Where the defendant charged the plaintiff personally with a crime, it was held not actionable if it was made bona fide without malice, even in the presence of a stranger, and it was a question for the jury to determine from the circumstances, including the style and character of the language used, whether the defendant acted bona fide or from malicious motives. 2 Sand., Pl Ev., 932, 950, 970; Toogood v. Spyring, 1 Comp., Meas. Ros., 281; *Page 49 
Bennett v. Deacon, 52 E.C.L. Rep.; Kine v.
Shelvell, 3 M. W., 297; 1 Amer. Ld. Ca., 170, 171; Parke v.
Blackiston, 3 Harr., 373. Where the defendant made a charge of theft against the plaintiff in the presence of a stranger, if he believed it to be true and acted bona fide, and did not make it before more persons, or in stronger language than was necessary, it was privileged, and it was a question for the jury, and not for the Court, whether the facts brought the case within the privilege. 2 Sand., PL 
Ev., 932; Padmore v. Lawrence, 11 Ad. EL, 380. Even when the words spoken are actionable per se, if the plaintiff has sustained special damage he must allege and prove it; and where none is alleged and proved the measure of the damage is the extent of the injury sustained. 2 Sand. PL Ev., 922, 963. The gist of the action is malice, and the amount of damage depends upon the degree of malice, wantonness, and malignity of the defendant. Express malice is when the act arises from ill-will, and a malevolent design on the part of the defendant to do the plaintiff mischief. Implied malice is when the act is done intentionally without cause or excuse. And exemplary or vindictive damages can only be given when the defendant was actuated by express malice. Parke v. Blackiston, 3 Harr., 373.
Booth, for the plaintiff. The slanderous words spoken in this case were not in the nature of a privileged communication in the slightest degree whatever, for there was no evidence in it that any felony had been committed, nor was there any reasonable ground or probable cause for believing that the plaintiff had picked up and stolen the lost note. It was not necessary to consider the principles of law or the authorities cited on the other side, since but a few of them could apply to a case like this, and such as could, they were fully prepared to admit. Eccles v. Shannon, 4 Harr., 193.
The Court,
The substance of the charge made by the defendant in this case against the plaintiff, is, that he stole a five-dollar note belonging to him, *Page 50 
which charge was made on the 8th day of June, 1877, in the village of Newark, and in the presence of divers persons, some of whom appeared before you as witnesses. The witness, Joseph Murray, in his examination-in-chief, proved the very words laid in the second count, or statement in the narr.; and the other witnesses for the plaintiff, Alfred Baily and Ferris Rudolph, swear to the use of other language by the defendant, but which substantially made the same charge of theft. In the cross-examination of Murray, his language with respect to the words uttered by the defendant varied slightly though not substantially from that first used by him; and the effect is not altered thereby. The crime of larceny may be committed by one who, finding another's money, or other goods, and knowing or having reason to know who the owner is, appropriates or applies it to his own use fraudulently the same as if he had stolen it in the ordinary way. If the plaintiff had picked up this five-dollar note, the loss of which was proclaimed by the defendant, and instead of restoring it to him had concealed it from him, designing to apply it to his own use, he would have been as much guilty of larceny as if he had inserted his hand slyly into his pocket and taken it therefrom. In this case, the defendant admits before you, through his counsel, that he did charge the plaintiff with stealing his note (if he had not, you have testimony of that fact by the witness, Murray), but he contends that he should not be subjected to a verdict against him if you believe he thought at the time that the plaintiff committed the alleged theft; and, that if you should give one against him, it should be for merely nominal damages, say of six cents, no damages having, in fact, been proved by the plaintiff at all. He asks the court so to charge you. The plaintiff, on the other hand, asks us to say to you that as the charge here made is of a felony, the law implies that it was made maliciously, and that some damage was sustained, the measure of which is to be fixed by the jury.
The law for your guidance in the decision of this case is this: whenever one person charges another with a crime, the law infers that it was done maliciously from ill-will. In such cases, however, the inference of malice may be rebutted by the defendant; *Page 51 
and if his proof be strong enough to satisfy the jury that he made the charge bona fide, that is honestly and upon grounds affording a reasonable warrant for so doing, and no actual damage has been proved on the plaintiff's part, the jury will be warranted in rendering a verdict of not guilty, for where neither actual damage nor legal damage, arising from a charge of crime exists, no verdict should be rendered for a plaintiff. To relieve himself from the otherwise malicious slander and a verdict by a jury, a plaintiff alleging crime must show, by proof, to the satisfaction of the jury, that he had reasonable grounds to believe that the person charged was guilty. The authorities cited by the defendant's counsel are none of them inconsistent with this principle. It would be most singular if one man could accuse another of a crime in a public place, before a company of people, and then escape all liability therefor by simply alleging that he believed them to be true. His mere belief, or rather assertion of it, will not protect him from a verdict for damages, unless he produce before the jury, by legal proof, such circumstances as the jury shall think justified him in making the charge.
Now in this case, there is no proof whatever that the defendant lost any money at all. He declared he had, and proceeded to use the ordinary means of search to find it; and it is not unreasonable to suppose that he really did lose this five-dollar note as alleged by him. But admitting that, what proof has he made to you that the plaintiff "got it," to use his language? It is true he charged the plaintiff with the crime, but he at once denied it, and, according to one witness, in very strong and profane language; and also that he offered the defendant the opportunity to search him. But has the defendant shown you any fact or expression or any course of conduct on the plaintiff's part at that time, before or afterwards, from which any reasonable man could infer guilt on the part of the plaintiff? We feel justified in saying to you that we have not heard any proof whatever upon the subject. If such is your view also, then you have before you a case where one man imputes theft to another and furnishes no proof of any circumstances to warrant the charge. *Page 52 
Under these circumstances there would seem to be but one question in the case, and that is this: what amount of damages is the plaintiff entitled to? The rule in cases of slander is this: where the defendant (as in this case) makes a charge of felony, and fails to show by proof that he had such grounds for making it as, in the jury's view, were reasonable under the circumstances (and such ground must be more than mere suspicion) the plaintiff is entitled to a verdict for such damages as the jury think reasonable in the case, in view of the malice implied by law, and there is no necessity for him to prove that he sustained any. And, further, where the jury believe from the proof and circumstances of the case, that in making the charge the defendant was actuated by actual malice; that the charge was not simply a rash one, but the expression of a heart influenced by ill-will against the plaintiff, they may give what are called vindictive, punitive, or exemplary damages against a defendant, may punish him for his wrong, without, having regard to proof of actual damage at all; for how can an exact measure in money be made for all the wrong and suffering a slander, actually malicious, may inflict.
In this case, gentlemen, there is no proof of any express or actual malice on the defendant's part; and therefore you will not be justified in rendering a verdict for vindictive damages; but the charge made and proved establishes legal malice, and you may give such damages for that as you think reasonable, in view of the whole case. While actions for slander are not to be encouraged, slanderers are none the less to be treated by courts and juries in such a way as to afford some reasonable protection against their unbridled tongues.